The opinion of the Court was delivered by
Tilghman C. J.
Six exceptions were taken to the opinion of the Court below, which shall be considered in the order in which they stand in the record.
1. [Here the Chief Justice read the first bill of exceptions.] On the 27th March, 1790, an act was passed, to provide for the safety of the records of the several counties in the Commonwealth, by which the commissioners of each county were authorised, with the approbation of the Justices of the *447 Court of Quarter Sessions, and the grand jury, to erect buildings for the safe-keeping of the records and papers belonging to the offices of the prothonotary of the County. Court of Common Pleas, the clerk of the Court of Quarter Ses.sions, the clerk of the Orphans’ Court, the recorder of deeds, and the register for the probate of wills, &c.; and all the said officers were directed, under the penalty of 200/. to deposit and keep all the records and papers belonging to their offices, in the said buildings, as soon as they should be erected, And by the same law all the before-mentioned officers, and also the sheriff of each county, were directed, under the penalty of 200/. from and after the 1st January, 1791, to keep their offices in the'town or place established by law for holding the Courts for each county. Before the making of this act, all the county officers had kept their offices in buildings provided by themselves, nor was there any law by which an allowance was made to them either for'office rent or for fuel. The act of 27th Match, 1790, was made, not for the benefit of the officers, but for the.public good; for the preservation of the records in which the county was interested. And inasmuch as no allowance is made by that, or any other act, either for office rent, until the public buildings should be erected, or for fuel at any time, it is the opinion of the Court, that the plaintiffs were not entitled to recover any thing, either for office rent or for fuel.
2. [Here he read the second bill of exceptions.] The opinion of the Court of Common Pleas was correct. The act of 6th April, 1802, directs the prothonotary to give notice, by public advertisement, when the acts of assembly and journals come to his hands, and provides, that the county shall pay the expense of such advertisement. The same act directs the prothonotary to take a receipt from each person to whom he shall deliver a copy of the acts or journals, in a book to be prepared at the expense of the county. No other allowance is made to the prothonotary on account of this business, and therefore he is entitled to nothing more.
3. [Here his honour read the third bill of exceptions.] The Court of Common Pleas were right in their opinion. There is no law by which the claim of the plaintiffs can be supported.
4. [Here he read the fourth bill-of exceptions:] In this opinion also, we agree with the Court of Common Pleas. *448 He that accepts a public office, takes it cum onere. For certain services fees are prescribed by law ; for certain other services i.t was not intended that fees should be paid. It is not true, that for every service, officers are entitled to a quantum meruit, although no fee is allowed by act of assembly; but it is true, that in some cases, sanctioned by long custom, a quantum meruit was allowed, until forbidden by the present fee bill. These principles were laid down by this Court, in the cases of Sheriff Irwin v. The Commissioners of Northumberland county, 1 Serg. & Rawle, 505, and Levy,prothonotary of Northumberland county v. The same Commissioners, ante. 291.
5. [Here he read the fifth bill of exceptions.] In this opinion, we perceive no error.
6. [Here he read the sixth bill of exceptions.] At the time when the suits were brought, in which these fees are charged, the sums recovered on forfeited recognisances, went into the treasury of the Commonwealth, and the actions were brought in the name of the Commonwealth. We can perceive no reason whatever, therefore, why the county should be charged. The opinion of the Court of Common Pleas was right.
But an objection is ma'de, which strikes at the root of the plaintiffs’ action. It'is not pretended, that the defendants made a positive assumption to pay any of those fees. Will the law then imply a promise ? The commissioners have no public funds in their hands. The money of the county is kept by the county treasurer, and the commissioners pay the county debts by orders drawn on him. But the defendants have no power to draw orders, because they have ceased to be commissioners. Nor does it appear, that they were commissioners at the time the services were performed for which the fees, claimed in this suit, are charged. It is impossible then, that the law can imply an assumption to charge them in their private capacities ; and yet as such, and in no other way will they be charged, if judgment goes against them in this suit. Their being named commissioners in the writ, is of no importance. They are not sued by any corporate name. If indeed the commissioners constitute a corporation liable to be sued, the suit should be against the commissioners, without naming them individually, and then the judgment would be entered in like manner. But we give no opinion, whether such a suit be maintainable. It would be attended with diffi *449 culties. The commissioners not being intrusted .with the funds of the county, on what could an execution be levied ? Or what would be the benefit of a judgment against a corporation which has no property ? The usual course has been, to apply to this Court for a mandamus, commanding the commissioners to draw an order on the treasurer. That certainly appears to be the plainest Course; but without deciding, whether there be any other remedy, we only give our opinion at present, that this action cannot be supported.
Duncan J.
having been concerned as counsel for the defendants in error, took no part in the decision.